IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| STEVEN RAY RITCHIE, | ) | Cause No. CV 09-177-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE FERRITER; MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On November 25, 2009, Petitioner Steven Ray Ritchie filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Ritchie is a state prisoner proceeding pro se.

On January 5, 2010, Ritchie was ordered to show cause why his petition should not be dismissed as untimely under the one-year federal statute of limitations, 28 U.S.C. § 2244(d).  Ritchie responded on January 15, 2010.

**I. Background**

Ritchie pled guilty to burglary, theft, and criminal mischief in Montana's

Twenty-First Judicial District Court, Ravalli County.  On August 3, 2005, he was

sentenced to serve ten years in prison, with no parole for five years.  Pet. (doc. 1) at

3-4.  Ritchie applied for sentence review but did not appeal.  Id. at 6.

On November 25, 2005, Ritchie filed a motion to withdraw his guilty plea.  On

January 19, 2006, the trial court dismissed the motion on the grounds that Ritchie was

represented by counsel.  It forwarded the motion to counsel Keithi Worthington.  Id.

at 5-6.  Ritchie did not appeal dismissal of the motion.

On March 6, 2006, counsel advised Ritchie that he could not be transferred to

Montana State Prison to appear at a sentence review proceeding because he had been

turned over to federal authorities on or about February 21, 2006, to face a federal

charge of felon in possession of firearm .[1]  She stated that she would "finalize"

Ritchie's motion to withdraw his guilty plea so that it could be filed if sentence

review was unsuccessful.  Pet. at 6; Pet. Ex. J (doc. 1-3) at 15.

On May 11, 2006, United States District Judge Donald W. Molloy granted a

---

[1]  Minutes of Initial Appearance (doc. 5), United States v. Ritchie, Cause No.
CR 07-07-H-CCL (D. Mont. Feb. 21, 2006).  On May 9, 2007, Ritchie's case was
transferred to the Helena Division and a new case number was assigned.  The original
case number was Cause No. CR 06-11-M-DWM (D. Mont. indictment filed Mar. 2,
2006).  The case was dismissed on September 10, 2007.  Order (doc. 67).  Ritchie was
re-indicted on October 3, 2007, in Cause No. CR 07-67-M-DWM (D. Mont. Oct. 3,
2007).  That case is on appeal to the Ninth Circuit, Cause No. 08-30275 (9th Cir. filed
July 29, 2008).

motion by Ritchie's federal defense counsel for a psychological evaluation. "In an abundance of caution," Nunc Pro Tunc Order (doc. 33) at 3, <u>Ritchie</u>, No. CR 07-07-H, Ritchie was evaluated more than once.

On January 9, 2007, Worthington's motion to be relieved as counsel in the state proceedings was granted. Pet. at 9. She did not file a motion to withdraw Ritchie's guilty plea.

On February 23, 2007, Judge Molloy found Ritchie competent. Judge Molloy specifically noted that "Ritchie has a staggering criminal history and he has never before raised the question of competency." Nunc Pro Tunc Order at 2, <u>Ritchie</u>, No. CR 07-07-H.

On November 10, 2007, Ritchie filed a petition for postconviction relief in the state trial court. Pet. at 10. It was dismissed because Ritchie waived his right to file for postconviction relief in the plea agreement and because the petition was time-barred and unverified. <u>Id.</u> at 10-11; Order at paras. 8-9, <u>State v. Ritchie</u>, No. DC 05-09, 2007 Mont. Dist. Lexis 468 (Mont. 21st Jud. Dist. Dec. 11, 2007) (Pet. Ex. M).

On March 2, 2009, Ritchie filed a petition for writ of habeas corpus in the Montana Supreme Court. He alleged that his guilty plea was involuntary because he was mentally incompetent and was also under the influence of prescription pain medication, that the plea colloquy was inadequate, and that counsel ineffectively

advised him about the possibility that he would not be eligible for parole. On June 9, 2009, the Montana Supreme Court denied the petition on the merits.  <u>Ritchie v. Ferriter</u>, No. OP 09-0120, 2009 Mont. LEXIS 412 (Mont. June 9, 2009) (Pet. Ex. N).

Ritchie signed his federal habeas petition and deposited it in the prison mail system on November 23, 2009.  Pet. at 51; <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

## II. Ritchie's Allegations

Ritchie contends that trial counsel Keithi Worthington was ineffective because she did not adequately explore his competence to enter a guilty plea and because she did not "address" his motion to withdraw his guilty plea in a timely manner.  He also claims that the trial court did not ensure that there was factual basis for his guilty pleas to burglary or theft or that he understood the consequences of pleading guilty.  Pet. at 1-2.

## III. Analysis

Ritchie's claims are barred by the one-year federal statute of limitations.  The Order to Show Cause set forth in detail a forward-looking analysis of the limitations period's application, including the issue of statutory tolling.  Ritchie's response to the order shows grounds for equitable tolling in some respects.  In another respect, it shows that his petition was not timely filed.

Ritchie states that he was "given access to a law library with Montana State legal materials . . . [f]ollowing the disposition of [his] last grievance" and "immediately filed a standardized Petition for Postconviction Relief." Resp. to Order (doc. 7) at 4. The last grievance is dated October 5, 2007. Resp. to Order Ex. A5 (doc. 7-6). Ritchie filed his postconviction petition on November 10, 2007. The trial court dismissed the petition not only as untimely but also as unverified. Because the petition was unverified, it did not toll time. Mont. Code Ann. § 46-21-103 (1991); Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005); Zepeda v. Walker, 581 F.3d 1013, 1017-19 (9th Cir. 2009).

Ritchie states that he "did not learn of the District Court's dismissal of his Post Conviction Petition until his return to MSP [Montana State Prison] in September 2008." Resp. to Order at 4; see also id. at 5. Under the circumstances here, that is not a basis for equitable tolling. Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir. 2009). He knew he had filed a petition in state court. He knew he was moving around within the state. He has been represented by counsel throughout the federal criminal proceedings, from February 21, 2006, to date. He could easily have contacted the state court at any time. All time between, at the latest, November 10, 2007, and, at the earliest, September 1, 2008, or 296 days, counts against Ritchie. Sixty-nine days remained in the federal limitations period.

In September 2008, Ritchie was placed in the general population at MSP.  Pet. at 11.  It makes no difference in the analysis whether Ritchie returned to MSP on September 1, September 30, or a date in between.  All of September 2008 counts against him because there is no basis for equitable or statutory tolling.  Ritchie filed a petition for writ of habeas corpus in the Montana Supreme Court more than five months later, on March 2, 2009.[2]  He filed at least 112 days too late.

Even assuming the limitations period did not begin until Ritchie gained access to a law library with Montana legal materials, well over a year passed between that time and the filing of his state habeas petition on March 2, 2009.  There was no statutory tolling during that time and no basis for equitable tolling.  The federal petition should be dismissed with prejudice as time-barred.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.

---

[2]  In one place, Ritchie says his habeas petition was filed on March 2, 2008. Resp. to Order at 5.  The cause number was OP 09-0120.  The petition was filed in 2009.  In the same place, Ritchie says the trial court dismissed his postconviction petition on December 11, 2008. It was December 11, 2007. State v. Ritchie, No. DC 05-09, 2007 Mont. Dist. LEXIS 468 (Mont. 21st Jud. Dist. Dec. 11, 2007) (Pet. Ex. M).

**A. Governing Law**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  Ritchie "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

**B. Discussion**

Even assuming that the federal limitations period did not begin to run until Ritchie had access to Montana law in October or November 2007, the petition is plainly time-barred.  The case is squarely controlled by the verification requirement in Mont. Code Ann. § 46-21-103 (1991) and the limited statutory tolling provision of 28 U.S.C. § 2244(d)(2) as interpreted and applied in Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005), and Zepeda v. Walker, 581 F.3d 1013, 1017-19 (9th Cir. 2009). For well over a year after Ritchie gained access to Montana law, he could have pursued his state remedies in compliance with state law.  He filed a postconviction petition that was dismissed as both untimely and unverified a month after he filed it.

He does not say he took any steps to keep himself informed of the status of that petition, yet he could easily have done so.  He was in Montana and represented by counsel throughout the pertinent time period.  Reasonable jurists could find no basis for statutory or equitable tolling.   There is no reason to encourage further proceedings.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Ritchie's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as time-barred.

2.  A certificate of appealability should be DENIED.

3.   The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Ritchie must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his petition without notice to him.

DATED this 10th day of March, 2010.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge