

FILED
JUN 24 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| STEVEN RAY RITCHIE, | ) | CV 09-177-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE FERRITER; MIKE MAHONEY | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Ritchie, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254. Magistrate Judge Lynch entered Findings and Recommendation in this matter on March 10, 2010. Judge Lynch recommended dismissing the petition as time barred. Petitioner twice moved for an extension of

1

time to file his objections and was granted until June 11, 2010 to do so. Petitioner timely objected to the Findings and Recommendation on June 11, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Judge Lynch found Ritchie's petition was filed at least 112 days too late, and equitable tolling was not justified. Ritchie objects that (1) his mental incompetency and (2) the inadequacy of his lawyer justify equitable tolling of the one-year federal habeas limitations period.

As for incompetency, Ritchie claims he has been mentally incompetent since 1993. This Court, however, found him competent in 2007 after a Court ordered mental evaluation and two hearings on the matter. Nothing from that hearing or the Court's other interactions with Ritchie indicate his mental condition justifies tolling. Nor does Ritchie present any evidence or even suggest anything has changed since the Court's 2007 determination to justify another hearing to

2

reconsider the Court's prior determination. Accordingly, there are no grounds to justify tolling due to Ritchie's claim of incompetency.

Next, Ritchie argues his state petition was untimely because his counsel made a mistake as to when such a petition could be filed. Attorney negligence causing a filing to be untimely is not enough to justify equitable tolling. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003). Moreover, his petition, filed pro se, was denied not only because it was untimely but also because the petition was unverified and he waived his right to file for postconviction relief in the plea agreement. Because it was unverified, it did not toll time. Mont. Code Ann. § 46-21-103; Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005).

I find no clear error in Judge Lynch's remaining findings and recommendations.

## ORDER

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #12) are adopted in full.

IT IS FURTHER ORDERED that:

1. Petitioner Ritchie's petition is DISMISSED WITH PREJUDICE as time barred.

3

2. A certificate of appealability is DENIED.

3. The Clerk of Court should enter by separate document a judgment in favor of Respondents against Petitioner.

Dated this 24th day of June, 2010.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court

4