

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| STEVEN RAY RITCHIE, | ) | CV 09-177-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE FERRITER; MIKE MAHONEY | ) | |
| | ) | |
| Respondents. | ) | |

On June 24, 2010, the Court dismissed Steven Ray Ritchie's 28 U.S.C. § 2254 habeas petition as untimely. Judgment was entered that same day. Petitioner mailed a Motion to Supplement on June 21, 2010 that was not filed until June 25,

1

2010, the day after judgment was entered. Since then, Petitioner has filed a Motion for Reconsideration. Both motions are based on a recent Supreme Court decision. On June 14, 2010, the Supreme Court decided Holland v. Florida. __S.Ct.__, 2010WL2346549. There, the Court remanded a petitioner's habeas proceeding to determine whether extraordinary circumstances existed justifying equitable tolling where his petition was not timely filed despite the prisoner's admonitions to his attorney to do so. Id. Here, Petitioner argues this "new law" must be considered to determine if extraordinary circumstances exist justifying his untimely filing.

The facts and the law in that case are not relevant here. As relevant here, the Court found Petitioner's action untimely because his state Petition for Postconviction Relief was unverified and thus did not toll time. Whether or not Petitioner's counsel gave him erroneous information on the deadline for filing motions in state court does not alter whether that time should toll. As such, the recent Supreme Court case Petitioner cites has no bearing on the Court's June 24, 2010 decision that his petition be dismissed as untimely.

Accordingly, IT IS HEREBY ORDERED that Petitioner Ritchie's Motion to Supplement (dkt #23) is DENIED.

IT IS FURTHER ORDERED that Petitioner Ritchie's Motion for

Reconsideration (dkt #24) is DENIED.

Dated this 14th day of July, 2010.

_____
Donald W. Molloy, District Judge
United States District Court