IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

STEVEN RAY RITCHIE,

   Petitioner,

vs.

MIKE BATISTA; LEROY KIRKEGARD,

   Respondents.

CV 09-177-M-DWM-JCL

ORDER

United States Magistrate Judge Jeremiah Lynch issued findings and recommendations on May 27, 2014 to dismiss with prejudice Petitioner Ritchie's petition for a writ of habeas corpus as time-barred. (Doc. 91.) Ritchie timely filed objections to Judge Lynch's findings and recommendations, (Doc. 94), and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The parties are familiar with the procedural history of this case, so it will only be

1

discussed as necessary to provide context for the Court's rulings on Ritchie's objections.

Ritchie filed his federal habeas petition under 28 U.S.C. § 2254 on November 25, 2009. Judge Lynch recommends that Ritchie's petition be dismissed as time-barred because the statute of limitations for filing the petition expired as of January 29, 2009. Judge Lynch found that Ritchie was not entitled to equitable tolling for mental impairment under *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). *Bills* provides a two-prong test for whether a petitioner is eligible for equitable tolling due to mental impairment: (1) the petition must show his mental impairment was an "extraordinary circumstance" beyond his control, and (2) the petitioner must show proof of diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. 628 F.3d at 1100. Judge Lynch found that although Ritchie met the first prong, the second was not met and, therefore, equitable tolling was not appropriate. Ritchie objects to Judge Lynch's findings as to the second prong and his recommendation that Ritchie's petition be dismissed. Ritchie also contends he should have been given the opportunity to address tolling as it relates to his state sentence review

proceeding. Having considered these objections, the Court agrees with Judge Lynch's analysis and conclusions.

The "totality of the circumstances" inquiry of the second prong of the *Bills* test focuses on the petitioner's diligence in seeking assistance for his claim and considers whether the petitioner's impairment was the but-for cause of any delay. *Bills*, 628 F.3d at 1100. "[A] petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights." *Id.* Here, there is no indication that Ritchie's mental impairment interfered with his understanding that he needed assistance, (Evid. Hrg. Tr., Doc. 85 at 55:5-9, 72:11-12), his ability to secure it, or his ability to cooperate with that assistance once secured, (*id.* at 53:19-21, 62:5-7, 72:8-13).

Ritchie further contends assistance was not available because he could not access his own legal materials and the prison placed strict limitations on legal aid by both other inmates and legal workers. "The availability of assistance is an important element to a court's diligence analysis." *Bills*, 628 F.3d at 1101. Although prison policy placed definite limitations on the assistance Ritchie was

3

allowed to receive, it is clear from the record that Ritchie received assistance from other prisoners in filing both his federal and state petitions. As is made clear during Ritchie's testimony in the evidentiary hearing before Judge Lynch, these individuals prepared a majority of the ultimate filings and went as far as to type up the petition to make it look professional. (Evid. Hrg. Tr., Doc. 85 at 88:1-2.) Although Ritchie was by no means required to accept the help of "jailhouse lawyers," his use of fellow prisoners to help him file his habeas petition is part of the overall assessment of the totality of the circumstances the Court must consider. *See Bills*, 628 F.3d at 1101 (stating that assistance from other inmates is an example of readily available assistance). While Ritchie may have lacked assistance at particular times during his incarceration, he had reasonable access to the assistance of others while he was in custody.

Further, the filings that resulted from that assistance demonstrate a certain amount of access to his personal legal materials as far back as 2005, when he moved to withdraw his guilty plea. Ritchie argues that the filing of his state habeas petition in March of 2009 (three months after his federal habeas petition deadline had expired absent equitable tolling) does not mean that he had his case files prior to the expiration of the federal deadline. However, Ritchie has the burden of proving that he is entitled to equitable tolling. The State does not have

4

the burden to show when he obtained or lost his case file. And, other than Ritchie's testimony as to this fact, which remains not credible, there is no evidentiary support for his contention.

Ritchie further insists that if he had been given an opportunity to address the Sentence Review Division tolling issue, the evidence would show that he is entitled to far greater tolling and should be considered as part of the totality of circumstances analysis above. Ritchie insists he actively pursued sentence review. However, the relevant letter from the Sentence Review Decision states: "Please notify this office within 60 days of the date of the decision from the Montana Supreme Court if you still wish to have your sentence reviewed by the Sentence Review Division." (Ex. 29, Doc. 38.) This gave Ritchie sixty days after his post-conviction proceeding to reactive his sentence review application. Ritchie did not do so. Thus, the federal habeas clock began to run at the end of those sixty days, or on February 12, 2008. *See Rogers v. Ferriter*, CV 12-13-BU-DLC, Doc. 22 at 8 (Aug. 2, 2013) (holding that the petitioner's federal habeas clock began to run at the end of the sixty days because he did not notify the Sentence Review Division of his desire to maintain his action), *appeal pending*, No. 13-35790 (9th Cir. docketed Aug. 29, 2013).

Based on the foregoing and finding no clear error in the portions of Judge

Lynch's findings and recommendations not objected to, Ritchie is not entitled to equitable tolling and his habeas petition is properly dismissed as time-barred.

Accordingly, IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (Doc. 91) are ADOPTED IN FULL.

2. Ritchie's petition (Doc. 1) is DISMISSED WITH PREJUDICE as time-barred.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is GRANTED on the issues of whether Ritchie is entitled to equitable tolling and whether the federal petition was otherwise timely filed.

Dated this 18th day of June, 2014.

Donald W. Molloy, District Judge
United States District Court