IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVEN RAY RITCHIE,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTA; LEROY KIRKEGARD,<br><br>Respondents. | CV 09-177-M-DWM-JCL<br><br>ORDER |

**FILED**

MAR 27 2017

Clerk, U S District Court
District Of Montana
Missoula

On November 25, 2009, Steven Ray Ritchie filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On June 24, 2010, Ritchie's claims were dismissed as time-barred on the recommendation of United States Magistrate Judge Jeremiah C. Lynch. (Doc. 21.) On May 10, 2012 a Ninth Circuit panel affirmed-in-part but remanded with instruction to consider whether Ritchie's claims were equitably tolled under the subsequently-decided *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010). Judge Lynch held an evidentiary hearing for that purpose on October 2, 2013. (Docs. 81, 85.) On June 18, 2014, Ritchie's claims were again dismissed as time-barred on the recommendation of Judge Lynch, and a certificate of appealability was granted. (Doc. 95.) On November 6,

-1-

2015, a Ninth Circuit panel reversed and remanded after respondents conceded at oral argument that Ritchie's petition was timely in light of the subsequently-decided *Rogers v. Ferriter*, 796 F.3d 1009 (9th Cir. 2015). (Doc. 99.)

Judge Lynch now recommends denying Ritchie's claims. (Doc. 111.) Ritchie is entitled to *de novo* review of those specific findings or recommendations to which he objects, 28 U.S.C. § 636(b)(1), while those findings and recommendations not specifically objected to are reviewed for clear error, *McDonnell Douglas Corp. v. Commodore Bush. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the factual and procedural background, it will not be further restated here.

Ritchie claims that: (1) trial counsel Keithi Worthington ("Worthington"), violated his Sixth Amendment right to the effective assistance of counsel because she did not adequately investigate his competency before negotiating a plea agreement; (2) the trial court violated his right to due process by accepting his guilty plea to burglary without ensuring he understood the elements of the offense; (3) the trial court violated his right to due process by accepting his guilty plea to theft without ensuring the factual basis was accurate; and (4) Worthington violated

his Sixth Amendment right to effective assistance of counsel because she did not file a motion to withdraw his guilty plea. (Doc. 1 at 1-2.) Judge Lynch concludes that Ritchie's first three claims are procedurally defaulted without excuse, and that his fourth claim does not allege a violation of federal law because Ritchie did not have a cognizable Sixth Amendment right to counsel after his judgment became final. (Doc. 111 at 2-3.) Ritchie objects, arguing he should prevail on his fourth claim because trial counsel was ineffective for not filing a motion to withdraw his guilty plea, and that trial counsel's ineffective assistance excuses procedural default as to his remaining claims. (Doc. 114 at 2, 5.)

## LEGAL STANDARD

To establish ineffective assistance of counsel, Ritchie must show that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong of *Strickland*, an attorney's performance is reviewed against an objective standard of reasonableness. *Id.* at 687-88. The review is "highly deferential" and must avoid "the distorting effects of hindsight." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the range of

reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* If a petitioner shows that counsel's performance was deficient, the second *Strickland* prong requires a showing of prejudice, meaning a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 691, 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* at 694..

## ANALYSIS

### I.  Claim 4

Because Ritchie's first three claims rely on the success of his fourth claim, his fourth claim is considered first.  Ritchie objects to Judge Lynch's conclusion that his fourth claim does not allege a violation of a cognizable federal right because Ritchie was not entitled to counsel once his judgment became final.  (Doc. 114 at 2.)  The federal constitutional right to the effective assistance of counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987).  Judgment in the underlying case was entered in the trial court on August 29, 2005.  (Doc. 38-1 at Entry 31.)  Ritchie did not appeal, and his

conviction became final on October 28, 2005. Mont. R. App. P. 5(b) (2005)[1]; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Ritchie did not file his *pro se* motion to withdraw his guilty plea until December 14, 2005, after the deadline to file his first appeal of right, at which point his Sixth Amendment right to the effective assistance of counsel had expired. (Doc. 1-2 at 2.) Because Ritchie cannot therefore allege he is being held in violation of a federal right, 28 U.S.C. § 2254 (a), his fourth claim fails.

Ritchie points out that the trial court refused to consider his *pro se* filing because it determined he was still represented by Worthington at the time he filed it, arguing the trial court forced Worthington's deficient performance on Ritchie because she did not file a motion to withdraw his guilty plea. (Doc. 114 at 3.) Even assuming this Catch-22 scenario implicated Ritchie's Sixth Amendment right, however, Worthington's performance was not defective under the first prong of *Strickland*. Ritchie faced a total of six counts, four of them felonies. (Doc. 1-1 at 3-8.) His plea agreement allowed him to avoid three felony counts and a persistent felony offender designation. (Doc. 1-1 at 11-12.) On receiving Ritchie's *pro se* motion to withdraw his plea, the trial court directed Worthington to review it and to "file the appropriate pleading with the appropriate court as

---

[1] Now Mont. R. App. P. Rule 4(b)(i).

determined necessary after consultation with her client." (Doc. 1-2 at 10.)
However, Ritchie subsequently stated clearly that he did not want his plea
withdrawn, (Doc. 105-2), and Worthington testified it was her practice to pursue
legal challenges she believed were valid, (Doc. 105 at 22 (Worthington Dep. 81:2-6)).[2] The decision not to file therefore falls squarely within the range of
"reasonable professional assistance" guaranteed by the Sixth Amendment.

## II. Claims 1, 2, and 3

Judge Lynch concludes that Ritchie's first three claims are procedurally defaulted without excuse. (Doc. 111 at 3.) Ritchie objects, arguing his procedural default should be excused because the state trial court, by dismissing his *pro se* motion, prevented him from raising his claims at the state level, and that Worthington's failure to file a motion to withdraw Ritchie's guilty plea did the same. (Doc. 114 at 6.)

A petitioner must exhaust his federal habeas claims at the state level before he may bring them in federal court. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*,

---

[2] "I don't specifically recall [the motion to withdraw]. I didn't have time to fully reveiw my file. And I would generally say if I felt the motion had merit, I would make it, I believe. I'd have to go back and review my other files, but I made a number of motions at that same time. I had a successful appeal to the Supreme Court challenging an investigation. So I mean, my practice was, if there was a legal challenge that I felt was absolutely valid, I would have pursued it. I don't know. I don't specifically recall this case and this particular issue." (Doc. 105 at 22 (Worthington Dep. 80:20-81:6).)

455 U.S. 509, 520 (1982). Unexhausted claims are procedurally defaulted. *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Procedural default can be overcome by if the petitioner can demonstrate either actual innocence or cause and prejudice. *Smith*, 510 F.3d at 1139. Actual innocence requires the petitioner "show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." *Id.* Alternatively, to establish cause and prejudice, the petitioner must show that an objective, external factor prevented him from presenting his claims in state court and that he was prejudiced thereby. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008).

### a. Procedural Default

Ritchie does not specifically challenge Judge Lynch's conclusion that he did not properly exhaust his first three claims as required by 28 U.S.C. § 2254(b). There is no clear error in the finding that Ritchie's *pro se* motion to withdraw his guilty plea, his November 2007 petition for postconviction relief in the trial court, and his March, 2009 petition for writ of habeas corpus at the Montana Supreme Court did not properly exhaust his current claims. (Doc. 111 at 5-6.) Claims 1, 2, and 3 are thus procedurally defaulted, and cannot be considered by a federal court unless Ritchie can demonstrate either actual innocence or cause and prejudice.

*Smith*, 510 F.3d at 1139.

  b.  **Excuse**

Ritchie does not argue his procedural default should be excused because he is actually innocent, and, as Judge Lynch notes, he has offered no evidence proving it is more likely than not no reasonable juror could find him guilty of the six counts with which he was charged. *Smith*, 510 F.3d at 1140. (Doc. 111 at 6.) Accordingly, actual innocence cannot excuse Ritchie's procedural default.

As to cause and prejudice, Ritchie argues Worthington abandoned him during collateral review, obstructing his ability to pursue collateral relief and causing him prejudice. (Doc. 1 at 45; Doc. 114 at 9.) He objects to Judge Lynch's conclusion that Worthington did not interfere with Ritchie's pursuit of post-conviction relief. (Doc. 114 at 5.) Specifically, Ritchie argues that Worthington promised to file a motion to withdraw his guilty plea but never did, thereby denying Ritchie "his opportunity to challenge the validity of his guilty plea." (*Id.*)

Procedural default may be excused if a petitioner has been abandoned by counsel. *Maples v. Thomas*, 565 U.S. 266, 280-83 (2012) (finding abandonment where attorneys had, *inter alia*, failed to seek the trial court's permission to terminate their representation of the petitioner before accepting jobs which made further representation impossible). Representation by an attorney who interferes

with a petitioner's ability to pursue collateral relief can also overcome the procedural default bar. *Manning v. Foster*, 224 F.3d 1129, 1131-35 (9th Cir. 2000) (holding a petitioner's procedural default was excused where the attorney's actions were "both unauthorized and tainted by a conflict of interest" because the attorney did not inform his client of available post-conviction relief after failing to file a timely appeal).

Here, the judgment became final on October 28, 2005, (Doc. 91 at 4), and Worthington moved the state trial court to appoint the public defender's office to represent Ritchie on January 4, 2007, as she wound up her private practice, (Doc. 38-27). Under Montana law, within 1 year after judgment becomes final, a "court may, for good cause shown, permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." Mont. Code Ann. § 46-16-105(2). Accordingly, because Worthington continued to represent Ritchie during the year following the final judgment, it is possible her presence could have interfered with Ritchie's ability to withdraw his guilty plea.

However, as noted above, the record shows Ritchie did not want to withdraw his guilty plea. His *pro se* motion was a form motion entitled "Form to Be Used by Prisoners Filing a Motion to Withdraw a Plea of Guilty Under Mont. Code Ann. § 46-16-105," but that title was followed by the interlineation "In the

Alternative to Strike the Parole Restriction," indicating Ritchie wished to insist on what he apparently believed to be an enforceable provision of his plea agreement. (Doc. 1-2 at 2.) Further, in response to a letter from Worthington in which, presumably referring to the motion to withdraw, she stated she would be "finalizing the motion to the District Court regarding these charges," (Doc. 1-2 at 15), Ritchie insisted "that the motion [he] made was <u>not</u> a withdrawal of plea–it was a <u>modification</u> of sentence petition," and that with it he wanted to "[f]orce them to hold to the plea bargain," (Doc. 105-2) (emphasis original). Ritchie's current argument that Worthington prevented him from filing a motion to withdraw his plea of guilty is therefore undermined by Ritchie's documented desire *not* to withdraw his plea. Even if Worthington's letter to Ritchie is construed as a promise to file a motion to withdraw Ritchie's plea of guilty, Ritchie's response demonstrates that was not what he wanted.

Worthington's deposition indicates she understood Ritchie's position. She stated that "he never seemed to indicate he wasn't guilty," but rather that "he was very frustrated with what he felt was a violation of the agreement," to wit, the 5-year parole restriction he received. (Doc. 105 at 23, Worthington Dep. at 85:11-23.) Importantly, Ritchie was not arguing he was not guilty of the crimes he pleaded to. Worthington did not abandon Ritchie by failing to file a motion

Ritchie did not want, and Ritchie's letter to Worthington insisting he did not wish to withdraw his guilty plea undercuts his assertion that Worthington obstructed him from filing. (Doc. 114 at 12.) In sum, Worthington's representation does not provide cause and prejudice to excuse Ritchie's procedural default because Worthington neither hindered nor abandoned Ritchie.

### c.     *Martinez v. Ryan*

While a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987), inadequate assistance of post-conviction counsel or lack of counsel at initial collateral proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," *Martinez v. Ryan*, 556 U.S. 1, 9 (2012), or on direct appeal, *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013). Ritchie's second and third claims are not ineffective assistance claims, and so do not trigger the *Martinez* procedural default excuse. Ritchie's first claim, however, alleges ineffective assistance of trial counsel for failing to adequately investigate Ritchie's competency before negotiating the plea agreement, and therefore *Martinez* applies. (Doc. 1 at 1.)

Ritchie does not object to Judge Lynch's conclusion that, because Worthington did not perform unreasonably in any collateral proceeding, and

because his first claim was not "substantial," *Martinez* does not save his first claim from procedural default. Because there is no clear error in the finding that Worthington reasonably considered Ritchie to be mentally competent, and that Ritchie's claim of incompetency is insubstantial given Worthington's (and others) impressions of his mental ability, Ritchie's first claim is procedurally defaulted as well.

### III. Certificate of Appealability

Ritchie objects to the denial of a certificate of appealability "on the question of whether Ritchie's apparent procedural default is excused by [the] external circumstances which were entirely out of Ritchie's control," namely, Worthington's representation following final judgment. (Doc. 114 at 10.) A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing exists if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Dismissal of a claim on procedural grounds also requires the court to decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Gonzalez*, 565 U.S. at 140-41. Ritchie has not made a substantial showing of the denial of his Sixth Amendment right to counsel. In addition, Judge Lynch's finding that Ritchie's first three claims are procedurally defaulted is not one "jurists of reason would find debatable." *Id.* A certificate of appealability is denied for all four of Ritchie's claims.

## CONCLUSION

Ritchie's fourth claim fails because it does not assert a cognizable federal right, *Pennsylvania*, 481 U.S. at 555-57, and his remaining claims are procedurally defaulted without excuse, *Smith*, 510 F.3d at 1138. Accordingly,

IT IS ORDERED that the Findings and Recommendation of Judge Lynch (Doc. 111) are ADOPTED-IN-FULL.

IT IS FURTHER ORDERED that the petition (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 27th day of March, 2017.

Donald W. Molloy, District Judge
United States District Court